## Succession of Ernest R. BERNSTEIN, Plaintiff-Appellant, v. W. A. WARMSLEY, Defendant-Appellee.

### No. 4823.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellant.

Wallace & Hardeman, of Benton, for appellee.

DREW, Judge.

This case was consolidated for trial with case No. 4822, entitled John M. Sentell v. W. A. Warmsley, 157 So. 152, this day decided by this court. The only differences in the pleadings are that the plaintiff is different; the description of the land owned by plaintiff is different; and the number of trees cut and the number of ties manufactured therefrom is different. In all other respects the petition and answer are the same.

This case was tried upon the same evidence as case No. 4822, and the lower court awarded judgment for plaintiff in the sum of $37, finding that 740 cross-ties were manufactured, from timber of plaintiff's land, by Buddy Young, who sold them to defendant. The lower court allowed the stumpage value of 5 cents per tie.

The issues and evidence in this case being the same as in case No. 4822, and the lower court having correctly determined the number of ties manufactured from timber from plaintiff's land, it is therefore decreed, for the reasons assigned in case No. 4822, this day decided by us, that the judgment of the lower court is affirmed, with costs.

## Hyman MUSLOW, Plaintiff-Appellant, v. W. A. WARMSLEY, Defendant-Appellee.

### No. 4824.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellant.

Wallace & Hardeman, of Benton, for appellee.

DREW, Judge.

This case was consolidated for trial with case No. 4822, entitled John M. Sentell v. W. A. Warmsley, 157 So. 152, this day decided by this court. The only differences in the pleadings are that the plaintiff is different, the description of the land owned by plaintiff is different, and the number of trees cut and the number of ties manufactured is different. In all other respects the petition and answer are the same.

This case was tried upon the same evidence as case No. 4822, and the lower court awarded judgment for plaintiff in the sum of $18.30, finding that 366 cross-ties were manufactured, from timber on plaintiff's land, by Buddy Young, who sold them to the defendant. The lower court allowed the stumpage value of 5 cents per tie.

The issues and evidence being the same as in case No. 4822, and the lower court having correctly determined the number of ties manufactured from timber on plaintiff's land, it is therefore decreed, for the reasons assigned in case No. 4822, this day decided by us, that the judgment of the lower court is affirmed, with costs.