## SENTELL v. WARMSLEY.
### No. 4822.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellant.

Wallace & Hardeman, of Benton, for appellee.

DREW, Judge.

Plaintiff alleged himself to be the owner of the northwest quarter of section 10, township 20 north, range 13 west, Bossier parish, together with all timber and trees growing thereon; that defendant, beginning on or about October 1, 1932, and continuing until June 1, 1933, did, through himself, his agents, servants, and employees, go upon the above-described land and cut the trees, manufacture them into cross-ties, and remove them from said land. He alleged bad faith on the part of defendant, in that defendant knew he had no title or right to said timber or ties. The number of trees cut is alleged to be 61 and the number of cross-ties made from said trees is alleged to be 244; the ties in their manufactured state are alleged to be worth 25 cents each, a total of $61, which amount plaintiff alleged he is entitled to recover; and for trespassing on said property he alleged he was entitled to recover $500. In the alternative, he alleged that if the court should find that the defendant did not himself cut said trees and manufacture them into cross-ties, that he knowingly and in bad faith purchased the ties from the cutter, who did cut them from said land, knowing the cutter had no title to said ties, and is therefore liable for the manufactured price of the said ties. He prayed for judgment accordingly.

Plaintiff, by amended petition, set out the true and correct ownership of the above-described land in the original plaintiff, John M. Sentell, and Dickson Land Company, who

thereby became coplaintiff. He also amended as to the number of trees cut from the land and as to the number of ties manufactured, increasing the number of trees cut from 61 to 102, and the number of ties manufactured from said trees from 244 to 404, and in the prayer prayed for judgment for $602, instead of $561.

Defendant, in answer, denied each and every article of plaintiff's petition, and, further answering, averred that in January and February, 1933, he purchased 230 gum ties from one Buddy Young and he has, since the filing of this suit, been informed that the ties were manufactured by Buddy Young from timber on plaintiff's land; that he purchased the ties from Buddy Young in good faith, believing that they were his property; and that he paid, for the account of Buddy Young, to S. R. Strayhan, the stumpage price of said ties, the said S. R. Strayhan having sold the timber from which the ties were made to Buddy Young and accepted payment for same. He further averred, in the alternative, that if the court should find the ties came from plaintiff's land and plaintiff has not been paid for them, that defendant be held liable only for the stumpage value of said ties, which he alleges to be 5 cents per tie. He prayed for the demands of plaintiff to be rejected; and, in the alternative, that if he be held liable in any amount, it be limited to the stumpage value of five cents per tie.

The lower court awarded plaintiff judgment in the sum of $13.45, finding that the number of ties cut from the land of plaintiff was 269; that defendant purchased the ties in good faith from Buddy Young, and therefore plaintiff was only entitled to the stumpage value of 5 cents per tie. Plaintiff has appealed.

The record clearly discloses that defendant did not himself, or through his agents, servants, or employees, enter upon the land of plaintiff and cut any timber or manufacture any cross-ties thereon. The trees and ties sued for were cut and manufactured into cross-ties by Buddy Young for himself. He was in no way connected with defendant in the enterprise. After the ties were manufactured and placed on the railroad track some distance from the land of plaintiff, they were purchased from Buddy Young by the defendant, who, in good faith, paid the said Young for the ties less the stumpage value, which he paid to S. R. Strayhan for the account of Buddy Young. The record further discloses that Strayhan had authorized the cutting of this timber and had shown Young the land

lines the best he could and had told Young he was authorized to sell him the timber.

Plaintiff seeks to hold defendant liable for the manufactured price of the ties under the provisions of Act No. 275 of 1910. On this point the lower court held as follows:

"Plaintiff seeks to hold the defendant for the manufactured price of the ties, and contends that under the provisions of Act No. 275 of 1910 he is prima facie guilty of fraud. The Act makes failure to take an affidavit from the seller prima facie evidence of fraudulent intent, sufficient to convict. This means if not rebutted, but a prima facie case may be rebutted, and when a purchaser pays for timber to a party claiming ownership, unless collusion is shown between them, this ought to be sufficient to rebut the prima facie case. Of course the sale of a thing belonging to another is null, C. C. 2452, but the purchaser, unless in bad faith, ought not to be penalized further than the value of the thing sold."

We fully agree with the lower court in its finding on this point, but we might further add that this act is a criminal statute and under the authority of Leopold v. Bradford-Hutchinson Lumber Co., 172 La. 110, 133 So. 379, even though defendant had been in bad faith, the most plaintiff could recover would be the manufactured price of the ties less the price of manufacture. The testimony, however, fails to show bad faith on the part of defendant. The record discloses the number of ties manufactured from timber on plaintiff's land to be 269, as found by the lower court; and the then prevailing stumpage price was 5 cents per tie, as allowed by the lower court.

Plaintiff contends that defendant made statements prior to the trial of the case to the effect that he had never purchased any cross-ties at the location on the railroad where these ties were stacked by Young, and insists that this statement is a basis for us to hold defendant to be in bad faith and to hold that he actually had the ties manufactured. We cannot agree with the plaintiff in this respect. The only effect of such a statement of defendant would be to discredit his testimony, and even though we should entirely eliminate his testimony, there is abundance of evidence in the record to justify his contention.

The record fails to disclose that defendant ever went upon the land of plaintiff until after suit was filed, and then for the purpose of checking up the number of ties that

had been manufactured on plaintiff's land. Since there is no proof that defendant trespassed upon plaintiff's land prior to the filing of this suit, plaintiff cannot recover for trespass.

There was no answer to the appeal by defendant, and if we wished we could not disturb the judgment against him. We find no error in the judgment below, and it is therefore affirmed, with costs.