**PASSERA et al. v. UNITED STATES GUARANTEE CO. et al.**

No. 16884.

Court of Appeal of Louisiana. Orleans.

March 27, 1939.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for appellant Mrs. Josephine Buerkle.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellee United States Guarantee Co.

McCALEB, Judge.

The appellant, Mrs. Josephine Buerkle, wife of Carl Buerkle, was one of six occupants in an automobile, owned and operated by Mary Jane Gundermann, who received personal injuries as a consequence of an intersectional collision between the Gundermann car and an automobile owned and operated by Charles Fredericks on April 5, 1935, at Marengo and LaSalle Streets in the City of New Orleans. She and the other passengers of the Gundermann car brought suits in the Civil District Court against the United States Guarantee Company of New York, the insurance carrier of the owner, to recover damages for the personal injuries they sustained, alleging that Mary Jane Gundermann was guilty of negligence having causal connection with the accident in that she proceeded into the intersection where the collision occurred without paying any attention to approaching traffic at a speed of between 25 and 30 miles per hour and in that she entered the intersection at a time when the Fredericks car had already preempted it in violation of the City Traffic Ordinance. Miss Gundermann, who is the niece of the appellant, was not made a party defendant to the action. Charles Fredericks, the owner and operator of the other car involved in the collision, also filed suit against the defendant insurance company, claiming damages for the injuries he sustained.

After certain exceptions, which were interposed to the petitions, had been disposed of, the defendant answered and admitted that it had insured the Gundermann car but it resisted liability on the ground that Miss Gundermann was free from negligence in the premises; that the accident was caused through the fault of Charles Fredericks, the driver of the other car, and that, if it should be held by the court that its assured was at fault in any particular, then the plaintiffs were guilty of contributory negligence barring their recovery.

Upon the issues thus joined, the suits were consolidated for trial. After hearing the evidence submitted by the parties, the district judge found in favor of the defendant company and dismissed the plaintiffs' suits. Mrs. Buerkle is the only plaintiff who has taken an appeal from the adverse judgments.

The record in the case is quite voluminous and presents mainly questions of fact for our determination.

The accident occurred on April 5, 1935, at about 4:30 p. m. at the intersection of Marengo and LaSalle Streets. The Gundermann car was being driven on LaSalle Street and was proceeding in the direction of Napoleon Avenue. It was being operated by Mary Jane Gundermann with her mother, her sister, her uncle and aunt, Mr. and Mrs. Passera, and another aunt, the appellant, as passengers. The Fredericks car was being driven on Marengo Street in the direction of the lake.

Marengo and LaSalle are paved, two-way streets and cross each other at right angles. The width of Marengo Street is 36 feet and that of LaSalle Street is 22 feet.

The Gundermann car had apparently preempted the Marengo Street intersection and was approximately two thirds over it when it received a violent blow on its left rear wheel and fender by the right portion of the front bumper of the Fredericks car. The impact was so severe as to cause the Gundermann car to be shunted completely around and it finally came to rest when it overturned on its right side against a tree in LaSalle Street at a point approximately 8 or 10 feet from the uptown lake curbing of the intersection.

The Fredericks car, which had been swerved to the left by the driver in an effort to avoid striking the Gundermann car, continued after the impact over the intersection and came to a stop with its two front wheels on the sidewalk adjacent to the uptown lake street curbing.

As a consequence of the collision, all of the occupants of the Gundermann car were injured and Fredericks also received slight contusions.

The Fredericks car was insured by the Maryland Casualty Company and the Gundermann car was covered by the defendant insurance company. Shortly after the accident, these insurance companies were notified of the occurrence and the injured occupants of the Gundermann car made certain written statements to both of the insurance companies, which we will hereafter discuss. At the time the mishap was investigated by the insurance companies, no claim was made by any of the passengers of the Gundermann car against the defendant in this case. On the contrary, the injured parties appointed Vic Passera, one of the plaintiffs, as their agent to make claim upon the Maryland Casualty Company and to conduct negotiations with that company looking toward an amicable settlement of the matter, it being their contention at that time that the accident occurred solely through the gross negligence of Fredericks. In their written statements to both of the insurers, they exonerated Mary Jane Gundermann from fault, these statements, including that of Miss Gundermann, are practically the same and the substance of them is as follows:

That Mary Jane Gundermann was driving her car uptown on LaSalle Street at a very moderate speed (not exceeding 15 miles per hour); that, when she reached the intersection of Marengo Street, she either stopped or decreased the speed of the car to almost a stop; that she looked to her left and right and, seeing that there was no approaching traffic, she started across the intersection in second gear; that she was traveling very slowly over the intersection and that when she had crossed the center and was three fourths over it, an automobile, traveling on Marengo Street from her left at a high rate of speed, struck her car on the left rear fender with such force as to cause it to overturn about three times and come to rest on its right side against a tree in LaSalle Street near the uptown lake curbing of the crossing.

Acting upon the faith of the statements made by the injured parties in the Gundermann car, the Maryland Casualty Company, as insurer of the Fredericks car, adjusted and settled all their claims for a total sum of $1500. This compromise was entered into on May 4, 1935, and each of the occupants of the Gundermann car, including the driver, received the sum of $250 from the Maryland Casualty Company as compensation for the personal injuries they sustained in the collision. When the claims were adjusted by the Maryland Casualty Company, all of the injured parties were represented by counsel, whose name appears as a witness to the releases given to that insurer. At that time, no claim had ever been made upon the defendant company. Nevertheless, it appears

that, on the same day of the settlement, all the passengers of the Gundermann car caused a letter to be written to Mary Jane Gundermann advising her that they were making claim against her for the damages they suffered as a result of the accident. Subsequent demand was made by these parties against the defendant company as insurer of the Gundermann car and upon the company's refusal to pay, these actions were instituted in the district court for recovery.

■ It is to be noted that, in the releases given by the occupants of the Gundermann car to the Maryland Casualty Company in compromise of their claims against the Fredericks car, no reservation of their rights is made with respect to any claims they might have had against either Mary Jane Gundermann or the defendant company. This was necessary in view of Art. 2203 of the Civil Code and the well settled jurisprudence of this State. See Sly v. New Orleans, T. & M. Ry. Co., La. App., 142 So. 276, and authorities cited therein. Counsel for appellant, however, contend that there was a separate written contract entered into between the Maryland Casualty Company and the injured occupants of the Gundermann car whereby the latter agreed to reimburse that insurance company in case they were successful in obtaining judgments against the present defendant. But this agreement was not produced and we have before us only the verbal statements of Passera and the adjuster for the Maryland Casualty Company to the effect that such a contract was made. Be this as it may, the defendant has not raised this issue and since we are satisfied that the appellant's case must fail on other grounds, it is unnecessary for us to decide the matter on this point.

As we have above stated, the plaintiffs, including the appellant, in the consolidated cases filed below, now claim that Mary Jane Gundermann was guilty of gross negligence. Each one of them testified at the trial and gave similar statements in support of their charges which are, in substance, as follows:

That Mary Jane Gundermann approached the intersection at an estimated speed of 30 to 35 miles per hour; that, at the time she reached the crossing, Passera, being desirous of obtaining a light for his cigarette, caused her to hand him the automatic electric lighter located on the dash board of her car; that when she was crossing Marengo Street, she was paying no attention whatever to oncoming traffic but, on the contrary, had her head turned to the rear of the car and that she was in the act of handing Passera the automatic cigarette lighter when the collision occurred.

These parties sought to account for the complete variance between their previous statements and their sworn testimony by proclaiming that they knowingly refrained from telling the insurance companies about the cigarette lighter incident because they felt that Miss Gundermann would have been charged with reckless driving in the criminal court.

We regard this explanation as a feeble excuse. The district judge evidently did not believe the story told by the plaintiffs upon the witness stand and apparently gave greater credence to the written statements made by them to the insurance companies. We feel that this is the correct view of the case.

■■ We are told, however, by counsel for appellant that, under the established jurisprudence of this State (See Galt v. Travelers Insurance Co., La.App., 141 So. 105, Delcourt v. Bernard, 18 La.App. 616, 136 So. 909, 910, Sentell v. Warmsley, La. App., 157 So. 152, and Leininger v. Ry. Co., 150 La. 1089, 91 So. 521), sworn declarations of witnesses upon the stand should prevail over unsworn statements which contradict their testimony. This is the general rule. But it is also certain that there may be instances, such as this, where the prior unsworn statement must be regarded as a conclusive impeachment of the testimony given in open court. This was recognized by us in Galt v. Travelers Insurance Co., supra, where we said [141 So. 109]:

"From the foregoing authorities it appears to us that a sworn or written statement given and signed by a witness or a litigant, which statement contradicts the testimony which he subsequently gives in open court, is not accepted by the courts as conclusively impeaching his testimony, *and that the courts will look to the facts and circumstances and the evidence in each particular case to determine whether or not greater weight and credence will be given to the written statement, or the testimony given in open court."* (Italics ours.)

Under the particular facts of this case, we have no hesitancy in holding that the statements given by the injured litigants shortly after the accident, when considered

in connection with the fact that they consistently maintained that Miss Gundermann was not at fault until after they were compensated by the Maryland Casualty Company, is entitled to be given greater weight and credence than their subsequent contention as verified by their testimony by which they are willing to have the court declare that their relative was guilty of criminal recklessness in order that the defendant might be mulcted in damages.

■ Counsel for appellant nevertheless insist that, should we decide that the plaintiffs' testimony should not be believed, the case should be determined upon the other available evidence and that the statement of Fredericks (who is also a plaintiff), taken in connection with the physical facts of the case, is such as to authorize the conclusion that Mary Jane Gundermann was guilty of negligence. We find little merit in this contention. We believe that counsel is mistaken in asserting that we must decide the case entirely upon the evidence of Fredericks and the physical facts, since we have no doubt of our right to consider the statements of the litigants made after the accident, despite the fact that these statements are retracted by them in their sworn testimony.

■ Moreover, even though we should refrain from placing any credence in the statements made by the occupants of the Gundermann car to the insurance companies, an examination of the physical facts of the case are sufficient to warrant an affirmance of the judgment of the district court.

The evidence of Fredericks does not impress us with favor. He states that, when he was 50 feet from the corner of LaSalle Street, he slowed down to 10 miles per hour and then accelerated his speed to 15 or 20 miles per hour and that he was going at that rate at the time of the collision. He says that Miss Gundermann speeded into the intersection at 35 miles per hour without paying any attention to oncoming traffic; that when he saw that a collision was impending, he swerved to his left in an attempt to avoid striking the other car; that when he did so, his front bumper caught in the rear bumper of the Gundermann car and that he was pulled to the left by the speed of that vehicle.

A photograph offered in evidence, which shows the damage sustained by the Fredericks car in the collision is ample to disprove Fredericks' testimony. It appears that the right portion of the front bumper of the machine is badly bent in towards the right front wheel, which demonstrates that it struck the Gundermann car with great force and accounts for the unusual movement of the latter following the impact. We also have no doubt that Miss Gundermann had arrived in the intersection before Fredericks got there and that he was driving at such a high speed that he was unable to stop in time to avoid the collision.

Our brother below was of the opinion that no credible proof had been submitted by the appellant to sustain her charges against Miss Gundermann. We concur in his finding.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.