McBRIDE, Judge.
Mr. and Mrs. B. L. Kiernan, Sr., were riding in an automobile owned by the for *408 mer and driven by their son, Joe, on March 1, 1953. The automobile collided with a car driven by Miss Alice Hess at about 6 o’clock p. m., in the intersection formed by 'Carondelet and Second Streets in the City of New Orleans. Mr. Kiernan claims of the insurer of the Hess automobile the sum of $1,000 for personal injuries and $176.40 for the damage sustained by his automobile, and Mrs. Kiernan seeks recovery from said defendant of $1,000 for her alleged personal injuries.
The case comes before us on the appeal of plaintiffs from the judgment rendered by the trial judge dismissing the suit.
The Kiernan automobile was on Second Street moving in the direction of the river and Mr. Kiernan stated it was his son’s intention to make a left turn into Carondelet Street in order to proceed in the direction of Canal Street. The Hess automobile was on Carondelet Street traveling toward Canal Street; the crash between the two vehicles occurred at just about the center of the intersection or perhaps a little past that point.
Miss Hess is charged with negligence in six respects which we do not deem necessary to particularize in this, opinion. The defense to the suit is that Miss Hess was free from negligence and that the accident was caused solely as the proximate result of the carelessnéss and negligence of Joseph IX Kiernan.
The elder Kiernans on the day in question had gone to Hammond,'Louisiana, for the purpose of bringing their son, Joe, to New Orleans so that he could report for induction into the United States Navy. Young Kiernan drove the automobile back from Hammond and first proceeded to the home of a friend to whom he had given a ride from Hammond to New Orleans, and it was soon after discharging this passenger that the accident happened. Joseph Kiernan did not appear as a witness in the case for the reason that at the time of the trial he was away on active Naval duties; however, it was stipulated by counsel that had he appeared and taken the witness stand his testimony would have been to the same effect as that given by his mother and father.
It is a disputed question whether the Kiernan .automobile stopped in obedience to-the traffic sign before entering Carondelet Street. Both Mr. and Mrs. Kiernan say their son made the stop, while on the other hand Miss Hess and her two disinterested witnesses say that no stop had been made. However, it makes no difference which set of witnesses is to be believed, for one thing stands out and that is that Joseph Kiernan drove into the intersection into the immediate path of the Hess car and when the Hess car was but a short distance removed from the intersection.
Mrs. Kiernan did not see the other car until just a moment before the crash came when her attention was attracted to it by the screeching of its brakes. Mr. Kiernan likewise saw the Hess car only after his son drove into the intersection; he admits the Hess car was then approximately at the curb line of Second Street or only about 10 or 15 feet away from his car.
Mr.' Wilson was driving an automobile on Carondelet Street following Miss ■Hess at a short distance and he states her speed was reasonable, Mr. Wilson fixed the speed of his own car at 20 to 25 miles an hour and mentioned that the Hess automobile was-traveling at'a slower rate and gave as his reason for so -stating that his automobile was steadily gaining on the Hess car in the block before the Second Street intersection. It-is'true that Mr; Wilson gave a written statement shortly after the accident in which he recited that Miss Hess was driving about 25 to 30 miles an hour, but from the witness stand he retracted this declaration and testified that Miss Hess was driving at a slower rate of speed than he had attributed to her in the statement. The only role that could possibly be played by the, document is to discredit the testimony given by Mr. Wilson at the trial, but the written statement does not prove the truth of the recitals made when the witness was not under oath or subject to cross-examination. Leininger v. New Orleans Ry. & Light Co., 150 La. 1089, 91 So. *409 521. There are many cases holding that sworn declarations from the witness stand should prevail over unsworn statements which might seemingly contradict the testimony. Delcourt v. Bernard, 18 La.App. 616, 136 So. 909; Galt v. Travelers' Ins. Co., La. App., 141 So. 105; Passera v. United States Guarantee Co., La.App., 187 So. 345; Alford v. National Life & Accident Ins. Co., Inc., La.App., 193 So. 242.
Mr. Wilson was unquestionably in error when making the written statement in saying that Miss Hess was driving from 25 to 30 miles an hour. It appears to us that perhaps Mr. Wilson is not a good estimator of the speed at which the vehicles traveled because it is a fact that in his written statement he also badly misjudged the speed of the Kiernan car which he stated came into the intersection at 30 miles per hour. This is simply not so. At any rate, Mr. Wilson testified forthrightly that Miss Hess made an immediate and gallant effort to bring her car to a stop when the Kiernan automobile appeared but that her maneuver was fruitless and the cars collided. .
The Kiernan car was likewise followed by another car, the driver bf which, Mr. Lehmann, appeared as a defense witness. The gist of his testimony is that as Joseph Kiernan approached the corner he slackened the speed of his automobile to about 12 or 15 miles per hour and went into Carondelet Street directly into the path of the Hess car which was then but a very short distance away from Second Street.
Miss Hess’ testimony is that the Kiernan automobile dashed out of Second Street immediately in the path of her car, which she was driving at about 15 miles per hour, and that Kiernan’s unexpected maneuver caused her to immediately apply her brakes and swerve to the right in a vain effort to avoid striking the Kiernan car.
Even if every word of testimony given by the defense witnesses were to be discarded as being an entirely incorrect version of what happened at. the time in question, nevertheless plaintiffs’- case must come to an unfavorable end as to plaintiffs as Mr. and Mrs. .Kiernan demonstrate beyond any reasonable doubt in their testimony that the accident was not caused by negligence of any kind or to any degree on the part of Miss Hess and, of course, her liability insurer is not liable.
Therefore, the judgment appealed from is affirmed.
Affirmed.