AYRES, Judge.
Plaintiff, by this action, seeks to recover from his former employer and the employer’s insurer workmen’s compensation for total and permanent disability, plus penalties and attorney’s fees. After trial, the court concluded that whatever disability plaintiff might have sustained was not established to have been related to his employment. Plaintiff’s demands were accordingly rejected and he appeals.
The named defendant, as owner of a foundry, is engaged in the manufacture of marine parts, tanks, et cetera. Machines *552 used in the process are operated by electric power. For five years or more prior to February 4, 1971, the date on which plaintiff allegedly sustained accidental injuries, until his last day of work on December 29, 1972, plaintiff was employed as a toolmaker and machine operator. This work required him to do considerable kneeling and squatting. Plaintiff claims to have hurt his back and left knee when he stepped off a table. He claims that since he thus injured his left knee he has been required to favor that knee and in so doing additional wear and tear have been borne by his right knee and low back. From the record, however, it is established that plaintiff continued to work full time until his employment was terminated.
On December 26, 1972, Dr. Baer U. Rambach, an orthopedic surgeon, examined plaintiff. Plaintiff complained of pain in both knees. Dr. Rambach suspected a torn cartilage in the right knee. On January 10, 1973, an operation was performed on this knee to remove the torn cartilage. Another operation was performed by the doctor on April 10, 1973, on plaintiff’s left knee, also for a torn cartilage.
The position taken by defendants is that plaintiff’s surgery was not caused by the accident of February 4, 1971.
Defendant points out that plaintiff’s work record was poor, that he was consistently absent, and that, if in fact he hurt his knee, the claim has prescribed inasmuch as this action was not taken until October 16, 1973.
It may be noted that during the entire period of plaintiff’s hospitalization occasioned by the alleged knee injury, he gave no history to Dr. Rambach of any accidental injury until October, 1973, at the time suit was filed. It may be noted, also, that Dr. Fred S. Willis, who had treated and examined plaintiff on various occasions, had no record of a traumatic injury of plaintiff on February 4, 1971. Dr. W. S. Bundrick, an orthopedic surgeon, testified that plaintiff had complained to him of knee problems as far back as September 3, 1969. This complaint was diagnosed by the doctor as bursitis.
There was additional testimony to the effect that plaintiff had been injured in an automobile accident as well as having been injured when thrown from a horse during the time he complained of an employment-related disability. As a result of injuries sustained in the automobile accident, plaintiff was absent from his employment from April 7 to April 13, 1970.
Notwithstanding that the employer provided workmen’s compensation insurance coverage, plaintiff and his wife executed a claim for group accident-and-health benefits with the Equitable Life Assurance Society of the United States. Claim was thus made under the group accident-and-health policy rather than making claim for workmen’s compensation. Hilman Deaton, director of safety and training at defendant’s plant, testified that plaintiff’s work with the defendant was terminated because of excessive absenteeism. This witness denied having advised plaintiff to report his injury under the group accident-and-health policy rather than as a workmen’s compensation claim as made by plaintiff.
From our review of the record and the above résumé of the facts, we agree with the trial court that plaintiff’s actions in regard to his alleged injuries are not consistent with the demands made in this action. The court concluded that plaintiff’s knee injury was not brought about by any employment-related accident while in the service of the defendant.
A plaintiff in a compensation case, as generally in all civil cases, bears the burden of proof to establish his claims to a legal certainty by a reasonable preponderance of evidence. Stoddard v. Insurance Company of North America, 271 So.2d 367, 369 (La.App., 2d Cir., 1972); Roberts v. M. S. Carroll Co., 68 So.2d 689, 693 (La.App., 2d Cir., 1953).
*553 In the former case we pointed out:
“In a workmen’s compensation case, the rule has been consistent that a claimant may establish a right to workmen’s compensation benefits by his or her testimony alone where the testimony is consistent and supported by the surrounding circumstances, provided there is nothing to discredit his or her testimony.
See the authorities therein cited.
The proof offered is insufficient to comply with the aforesaid rule. We are in accord with the trial court that plaintiff’s demands were not established to that degree of legal certainty required by law.
We find no error in the judgment appealed, and it is thus affirmed at plaintiff-appellant’s costs.
Affirmed.