JASPER E. JONES, Judge.
Fred Thomas, plaintiff in this worker’s compensation case appeals a judgment rejecting his demands for compensation, medical expenses, penalties and attorney’s fees against his alleged statutory employer, Givens Timber Company, Inc., and its insurer, Southern Casualty Insurance Company.
The trial court found that plaintiff failed to prove the work he was performing as a wood loader for L.C. Jacobs, his immediate employer at the time of his accidental injury, was production of pulpwood for delivery to Givens.
We affirm.
*122 Plaintiff was employed by L.C. Jacobs, a one truck wood producer who bought, cut, hauled and sold pine and hardwood timber. Jacobs sold wood to pulpwood brokers, including Givens, for resale to papermills where it was used in the production of paper. Jacobs also sold hardwood to Lowe Mfg. Co. for use in the manufacture of pallets.
Jacobs commenced delivering wood to Givens on July 26, 1983 and continued until September 5 when Givens terminated the relationship. All of the wood sold to Givens was pine except for three loads of hardwood. Jacobs had sold hardwood to Lowe prior to the time he commenced selling wood to Givens and Jacobs continued to sell hardwood to Lowe while he was doing business with Givens.
On September 1, 1983 Jacobs, Fred Thomas and Nobie Blankenship, who was employed by Jacobs to cut the timber, were producing wood from a tract of land in Jackson Parish belonging to Henry Runyon. On this date, while picking up a piece of wood, Thomas injured his back. The records of Givens reflect that on September 1 Jacobs delivered to it two loads of pine pulpwood and no hardwood. The records of Lowe Mfg. Co. reflect that on September 1 Jacobs delivered to it one load of hardwood. On September 13 Thomas gave a statement to Southern Casualty’s adjuster wherein he stated he was loading hardwood at the time he was injured.
Thomas sued his primary employer, L.C. Jacobs, Givens and Southern Casualty for compensation benefits. He obtained a default judgment against Jacobs. The trial judge found plaintiff failed to prove by a preponderance of evidence, that plaintiff was injured producing wood for Givens and rejected plaintiffs demands.
The primary issue presented by this appeal is whether the plaintiff proved he sustained his injury while loading wood delivered to Givens.
Jacobs and Thomas testified that on the date Thomas was injured only two loads of pine pulpwood were cut, loaded and hauled and these were delivered to Givens. Givens’ records reflect that it received only two loads of pine and no hardwood from Jacobs on that date. There is therefore no dispute that Givens received only pine on the date of plaintiff’s injury. Plaintiff was required to prove by a preponderance of evidence that he sustained his injury while loading pine pulpwood to establish his claim for compensation benefits against Givens and its insurer.
Plaintiff testified at trial that he hurt his back while removing a piece of hardwood from the path which Jacob’s truck was required to back as they loaded it with pine pulpwood. If this fact was proven it would establish that he injured his back while loading pine pulpwood, since he was clearing a path for the movement of the truck as it was being loaded with pine pulpwood, even though plaintiff was actually handling a piece of hardwood when the injury was sustained.
Plaintiff’s accident was not observed by Jacobs or Blankenship but each of them corroborated his testimony. These witnesses stated they were told by plaintiff he injured his back while clearing the road preparatory to loading pine pulpwood.
Jacobs testified all the hardwood had been removed from the Runyon tract three or four weeks before plaintiff’s injury. Blankenship testified no hardwood was cut on the day of the accident because all of the hardwood had been earlier removed from the Runyon tract. Plaintiff’s witness, Walter Runyon, brother of the land owner, came to the area the day plaintiff was injured to feed his cattle. Runyon stated Jacobs hauled only pine that day for the reason that all of the hardwood had been earlier removed from the area.
On September 13 while plaintiff was in the Jackson Parish Hospital Leo Roberts, an adjuster for Southern Casualty, took a tape recorded statement from the plaintiff in which the plaintiff stated that he sustained his injury on September 1 while load *123 ing hardwood.[1] Roberts testified at trial that he took the statement with plaintiff’s consent and that plaintiff appeared to be normal mentally at the time it was taken. Plaintiff testified at trial that he remembered giving the statement and stated that at the time he gave the statement “I believe I know what I was saying.” Plaintiff testified at the time he gave the statement he was taking lots of pills and he was sick and in pain.
The medical evidence reflects plaintiff sustained an acute lumbosacral sprain and was hospitalized on September 6 and discharged on September 20. During his hospitalization he was in traction and took muscle relaxants, anti-inflamatory drugs and some medication for pain. The nurse’s notes on September 13 indicate on that date plaintiff was out of traction, feeling good and making no complaints of pain.
The trial judge admitted the tape into evidence and we have listened to the tape. The transcription is about 8 minutes long and the plaintiff answers the questions in a clear and distinct manner with very little hesitation.
Prior unsworn inconsistant statements of a witness are admissible to impeach sworn in court testimony. Where facts established in the record are consistent with the prior unsworn statement, the out of court statement can be found to conclusively impeach the sworn in court testimony. Passera v. United States Guarantee Co., 187 So. 345 (La.App.Orleans 1939); Bartholomew v. Impastato, 12 So.2d 700 (La.App.Orleans 1943); Galiano v. Ocean Accident & Guarantee Corporation, 55 So.2d 641 (La.App.Orleans 1951). See also Lefort v. Meibaum Bros., Inc., 321 So.2d 824 (La.App. 4th Cir.1975) where a prior unsworn inconsistent tape recorded statement was found admissible for the purpose of impeaching sworn in court testimony.
We find the trial judge properly admitted the prior recorded unsworn statement to impeach plaintiff’s inconsistent sworn testimony at trial.
The plaintiff at trial denied that he told Roberts in the recorded statement that he injured his back loading hardwood. He further testified that he had never loaded any hardwood for L.C. Jacobs and that any hardwood hauled off of the Runyon tract occurred after he was injured. The plaintiff had been employed as Jacobs’ wood loader for two months prior to his injtiry and Jacobs testified that all the hardwood had been removed from the Runyon tract three weeks before plaintiff’s injury. Blankenship testified the hardwood had been earlier removed. The testimony of plaintiff is not only inconsistent with his prior recorded statement but is inconsistent with the testimony of these two witnesses and his witness, Walter Runyon.
Another factor considered by the trial judge in evaluating plaintiff’s in-court testimony was the testimony of Paul D. Lowe who testified that L.C. Jacobs delivered to Lowe Mfg. Co. a load of hardwood on September 1,1983. Lowe’s testimony was corroborated by a purchase ticket filled out by him dated September 1, 1983 that reflects the wood purchased and which ticket stated the wood had come from the Henry Runyon tract. A cancelled Lowe Mfg. Co. check payable to L.C. Jacobs dated September 1, that was paid by the bank on September 2, with the wood purchase noted upon it was admitted into evidence along with the purchase ticket. Though L.C. Jacobs denied delivering a load of hardwood to Lowe’s on September 1 he admitted that he had endorsed the check which cleared the bank on September 2.
We further note the records of Givens in evidence reflect that on September 5 L.C. *124 Jacobs delivered a load of hardwood to Givens from the Runyon tract. This documented fact is inconsistent with the testimony of Jacobs and Blankenship that all the hardwood had been removed from the Runyon tract prior to September 1.
The plaintiff in a worker’s compensation case is required to prove his case by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Bamburg v. Riley-Beaird, Inc., 305 So.2d 551 (La.App. 2d Cir.1974).
When there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find the tape recorded statement and the September 1 sale of hardwood to Lowe by Jacobs, along with the other significant conflicts in the testimony of plaintiff and his witnesses, support the trial court’s credibility call wherein he concluded the plaintiff failed to prove his case by a preponderance of the evidence. There is no manifest error in this determination.
Judgment affirmed at appellant’s cost.[2]

. Q. Okay. You were cutting pine and hardwood?
A. Yes sir, but we was loading hardwood at this time.
<3. You were cutting hardwood at that — you were stacking hardwood in other words?
A. Yes sir.
Q. What kind of hardwood was it? Red Oak? White Oak—
A. —Red Oak.
Q. Red Oak?
A. Yes sir.

. There is no evidence in this record which establishes economic control by Givens (the buyer) of Jacobs (the seller) which is required to establish that plaintiff is a statutory employee of Givens. Wilson v. Jacobs, 438 So.2d 1119 (La.App. 2d Cir.1983) and the authorities therein cited.
The insurance policy of Southern Casualty with Givens as the named insured contains the following provision:
It is agreed that any person while engaged in performing logging, lumbering, sawmilling or related operations for the insured shall be deemed to be an employee of the insured. This provision of the insurance policy proba-
bly explains the failure of the defendants to raise the issue of economic control in their appellate brief. Because of the result we have reached we find it unnecessary to address this issue.