DABOVAL
*vs.*
ESCURIX.

## DABOVAL *vs.* ESCURIX.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a *fieri facias* issues on a judgment, and the sheriff seizes and sells
the property of the debtor under it: *Held,* that the sale and receipt of
the money by the sheriff, discharges the judgment, even when the money
is stayed in his hands by injunction obtained on the claim of another
creditor.

So if, after seizure and sale of the debtor's property, the sheriff waste
and expend the money; or embezzle it, and fail to pay it over to the
creditor, the judgment will be discharged and another seizure cannot be
made.

This is an appeal from a judgment quashing a writ of
*capias ad satisfaciendum.* The plaintiff obtained a judgment
against the defendant for four hundred and three dollars,
with legal interest and costs, the 19th May, 1832. On the
26th of the same month, a *fieri facias* issued on this judgment,
to the sheriff of the parish of St. James, and a negro woman
and her child seized, (the property of the defendant in the
execution) and which were sold for five hundred and ten
dollars, which sum the sheriff, in his return of the 7th
June, 1832, acknowledges to have received.

On the 21st June, the wife of the defendant obtained an
injunction, enjoining the proceeds of the sale of the negro
woman and child, in the sheriff's hands, on the ground that
she had a prior claim and mortgage on her husband's
property, for the restitution of eight hundred and fifty-five
dollars, which sum he had received of her paraphernal
effects.

On the 14th of August following, the plaintiff caused a *fieri
facias* to be issued to the sheriff of the parish of Ascension,
against the defendant. The sheriff made his return on
the 23d of September, that no property was found in his
parish.

On the 29th of September, a *ca. sa.* was issued to the parish of Ascension. The sheriff returned, that he arrested and imprisoned the defendant on the 2d October, and on the 22d he took the benefit of the prison limits, according to law.

At the October term of 1833, of the District Court, in the parish of St. James, the defendant entered a motion that the plaintiff show cause why the *capias ad satisfaciendum* upon which the defendant was imprisoned, be quashed and set aside, and all proceedings under it declared null and void.

On hearing the motion and examining the record containing the original judgment and the several executions and writs, with the sheriff's returns thereon, the district judge rendered judgment quashing the writ of *ca. sa.*, setting it aside, annulling all the proceedings under it, and discharging the defendant from the prison limits. This judgment is dated and signed the 2d November, 1833. On the 25th October, 1834, the plaintiff appealed from it.

*Nicholls*, for the plaintiff and appellant, contended, that the judgment quashing the writ of *ca. sa.* was erroneous, because the arrest and imprisonment were legal, the sheriff having returned *no property found*, on the second execution.

2. The injunction staying the proceeds of sale under the first execution, deprived the plaintiff of any benefit arising from it. He had a right to issue his second execution. Nothing short of payment could satisfy the judgment. The seizure and sale made under the first writ did not operate payment or novation, as the proceeds were tied up and held subject to another claim. 3 *Martin*, 331. 7 *Martin, N. S.*, 162, 221. 8 *Ibid.* 315.

*A. Seghers*, for the defendant.

1. The return on the first execution, that sufficient property was seized and sold to satisfy the judgment, did not authorise an *alias fieri facias* to issue. 3 *Martin, N. S.*, 390.

2. The claim of a third person to a right or privilege on the property sold, of higher rank than that of the seizing

13

creditor, cannot change the situation of the original parties, until it is acted on and decided. This claim stands in the same relation to them as an opposing creditor or intervening party. The plaintiff in execution still claims the money as his own, and has a right to a summary trial on this opposition. *Code of Practice, art.* 401.

3. The seizure and sale made under the first *fieri facias* being sufficient to cover the plaintiff's claim, the *alias fieri facias* and the *ca. sa.* were both illegally issued.

4. Even admitting an *alias fieri facias* could issue, it was illegally issued to the parish of Ascension, when the record shows the defendant's domicil was not there, but in the parish of St. James.

5. No return of *nulla bona* could be made on the *alias fieri facias,* in this case, because a man is presumed to hold his property at the place of his domicil; therefore the *ca. sa.* illegally issued. *Code of Practice, art.* 726, 730, 731.

6. The return itself was illegal, and no writ of *ca. sa.* could issue on it. The law requires the return to be made where the party wishes to take out his *ca. sa.,* "that the sheriff has found no property to seize, notwithstanding the demand made of the parties." 4 *Louisiana Reports,* 301.

7. The *ca. sa.* is itself illegal. It should have been directed to the sheriff of the parish in which the debtor resides, (the parish of St. James.) His flying into another parish, could not alter his situation and increase his liability to be imprisoned. *Code of Practice, art.* 730, 731.

8. The *ca. sa.* improperly issued, because the *fieri facias* was returned before the return day thereof.

*Martin, J.,* delivered the opinion of the court.

In this case, the plaintiff appealed from a decision and judgment of the district judge, quashing a writ of *capias ad satisfaciendum,* on which he had caused the defendant to be arrested and imprisoned.

The facts of this case are stated in a judgment lately pronounced between the parties, on a claim of the present

defendant, against the present plaintiff, for damages, on the ground that the arrest and imprisonment, under the *ca. sa.*, was illegal.   See 7 *Louisiana Reports*, 575.

The grounds on which the defendant sought to have the writ of *ca sa.* quashed and set aside, are as follows :

1. The return of the writ of *fieri facias* by the sheriff, which the plaintiff first sued out, showed that property of the defendant, sufficient to satisfy the debt and judgment, had been seized and sold.

2. The application of the defendant's wife, to have the proceeds of the sale paid over to her, and the injunction by which they were provisionally stayed in the hands of the sheriff, did not authorise the plaintiff to sue out an *alias fieri facias*.

3. If an *alias fieri facias* could issue at all, it was illegally issued in this case, by directing it to the sheriff of another parish than that in which the defendant had his domicil.

4. The return on the *alias fieri facias* did not authorise a *ca. sa.* to issue, because it was made before the return day thereof ; and because it did not state that the sheriff had called on either party to point out property.

The counsel for the plaintiff, on the other hand, contends :

1. That the seizure and sale of sufficient property, under the first execution, did not prevent his resorting to an *alias*, as nothing short of payment is a satisfaction of the judgment.

2. That there is nothing which prevents the issuing of a writ of *fieri facias* to another parish than that in which the defendant in execution has his domicil.   If it was otherwise, a defendant by a change of domicil, or the removal of his property out of the parish, would protect it from execution and defeat the just claims of his creditors.

3. The sheriff is frequently unable to call on either party, to point out property to levy on ; and there is no law which compels him to go out of his parish.   As in the present case, it sometimes happens that neither of the parties is to be found, and nothing compels him to state this circumstance in his return.

DABOVAL
*vs.*
ESCURIX.

Where a *fieri facias* issues on a judgment, and the sheriff seizes and sells the property of the debtor under it: *Held,* that the sale and receipt of the money by the sheriff, discharges the judgment, even when the money is stayed in his hands by injunction obtained on the claim of another creditor.

So if, after seizure and sale of the debtor's property, the sheriff waste and expend the money, or embezzle it, and fail to pay it over to the creditor, the judgment will be discharged, and another seizure cannot be made.

4. There is no law which requires a sheriff to forbear returning a writ of *fieri facias,* when he is satisfied that the defendant has no property within his parish.

This court is of opinion the judge of the inferior court did not err in quashing the *ca. sa.* We are not ready to say that nothing but *payment* to the plaintiff, will discharge his judgment. But we think that an actual sale and the receipt of the money by the sheriff does satisfy the judgment on which the execution issues. This seems clearly the result in such cases; for if the sheriff should waste and expend the money, or embezzle it and fail to pay it over, we are of opinion, this circumstance would not authorise a new seizure or arrest of the original debtor.

It is unnecessary that we should examine or inquire into the consequences resulting from the success of the wife of the defendant, in sustaining her injunction. Until her pretensions, as set out in the injunction suit, are first acted on, it is evident that the money in the sheriff's hands, arising from the sale of the defendant's property, must be considered as belonging to the plaintiff in execution. Before a decision is had in the injunction case, nothing authorises a new seizure. Consequently, the *alias fieri facias* improperly issued, as did the *capias ad satisfaciendum* on its return of *nulla bona.*

The view and conclusion which the court has taken, and arrived at on the first point in this cause, renders it unnecessary to give an opinion on, or notice any of the remaining points.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.