WOODMAN<br>v.<br>RICHARDSON.

---

## RUGELY, BLAIR & CO. v. CYRUS GILL.

15  509<br>105  141

Where a suit was brought in the name of certain persons, as composing a commercial firm, and the defendant excepted to the petition, upon the ground that all the members of the firm had not been joined in the action—*Held:* That where it was shown that the name of one of the persons used in the style of the firm was omitted, the burden of proof was on the plaintiffs to sho wthat they alone composed the firm.

The burden of proof is on the party who has to support his case, by proof of a fact of which he is most cognizant.

In such a case as the omission of one of the names appearing in the style of the firm, the defendant is not bound to state in his exception the name of the partner not joined in the action.

APPEAL from the District Court of the Parish of Morehouse, *Richardson* J. *Robert Richardson*, for plaintiffs. *J. Harvey Brigham*, for defendant and appellant.

LAND, J. This suit was commenced for the recovery of money paid by the plaintiffs, as accomodation acceptors of the defendant's draft; for the recovery of attorney's fees, interest and commissions, and to enforce a mortgage given by defendant to plaintiffs as a security for the reimbursement of the whole or any part of the draft that plaintiffs might be compelled to pay out of their own funds.

The suit was brought in the names of *Rugely* and *Rochelle,* as commercial partners, formerly doing a commission business under the firm, name and style of *Rugely, Blair & Co.*

The defendant filed an exception to the plaintiffs' petition, on the ground that all the members of the firm of *Rugely, Blair & Co.* had not been joined in the action as co-plaintiffs, and prayed that the suit be dismissed.

No evidence was offered by the plaintiffs on the trial of the exception; it was overruled; and from a judgment on the merits against the defendant, he has prosecuted this appeal, and in this court insists, that the Judge below erred in overruling his exception.

It is the opinion of the court, that the *onus probandi* was on the plaintiffs to establish the fact, that they alone composed the firm of *Rugely, Blair & Co.,* because the name of *"Blair,"* used in the style of the firm, implied that he was a real person, and a partner in interest in the concern; and if so, he should have been joined as a party plaintiff in the action. But if the name of *"Blair,"* in the style of the firm, were a mere *fiction*, then the fact should have been proved by the plaintiffs, because they were not only more cognizant of the fact, but the evidence of it, perhaps, was in their exclusive possession. The burden of proof is on the party who has to support his case, by proof of a fact of which he is supposed to be most cognizant.

It is further our opinion, that the defendant was not bound by the rules of pleading, to state in his exceptions the name of the partner who had not been

RUGELEY
*v.*
GILL.

joined in the action, for the reason, the style of the firm name, in which the plaintiffs sued, shows a *prima facie* case of the existence and non-joinder of a real and necessary party to the suit, that is to say, the existence of *"Blair,"* as a co-partner of the plaintiffs in the firm of *Rugely, Blair & Co.*

As the question as to the burden of proof might have admitted of some doubt, we will remand the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded to the lower court for a new trial on the exception for the want of proper parties, and for further proceedings according to law, and that plaintiffs pay the costs of this appeal.