**STATE ex rel. LEARY v. HUGHES, Sheriff, et al.**

No. 5759.

Court of Appeal of Louisiana. Second Circuit.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

Chandler & Chandler, of Shreveport, for appellant.

Cook, Cook & Fgan and Albert T. Hughes, Jr., all of Shreveport, for appellees.

TALIAFERRO, Judge.

The correct distribution of a fund in the hands of the Sheriff of Caddo Parish, realized from a sale of a judgment debtor's property, is tendered by this appeal.

Judgment was rendered and signed in favor of the Vivian State Bank against J. C. Parsons, on January 5, 1930, for $298, subject to a credit of $73.92, in the District Court of Caddo Parish. It was promptly recorded in the mortgage records. The plaintiff Bank was placed in liquidation a few years after rendition of the judgment and thereafter the judgment was purchased by A. M. Leary, Jr., relator herein, from the liquidator. He also acquired another judgment against Parsons. Execution issued on this latter judgment and on November 3, 1937, a tract of land owned by defendant, seized thereunder, was sold by the Sheriff. The net proceeds of this sale is the subject of the distribution in contest. The Sheriff being advised that the judgment in favor of the Vivian State Bank had been paid previous to its acquisition by Leary, declined to recognize it as a valid mortgage against the property sold by him. Mandamus is sought to compel him to recognize the record rank of said judgment and to make payment thereof from said fund accordingly. Junior holders of judgments against Parsons were also made parties to the suit. They challenge the right of relator to be paid the amount of the judgment on the ground that it has been extinguished by payment.

The facts bearing upon or pertinent to the question of payment of the judgment, so far as ascertainable, are admitted by all concerned. No effort whatsoever has been made to conceal such facts. The lower court held that the burden of proving the non-payment of the judgment, in view of the peculiar facts of the case, devolved upon relator, who only occupied the Bank's

shoes as regards the judgment, and, having failed to discharge this burden by convincing proof, his demands were rejected. He brings this appeal.

It is certain that the Vivian State Bank caused an execution to issue on its judgment against Parsons in July, 1930. The chattels mortgaged to it to secure the note sued on were seized by the Sheriff and advertised for sale to be held on August 2, 1930. We are of the opinion that a sale was made of the property on that date. However, the writ of fieri facias and Sheriff's proces verbal of the sale are both absent from the suit papers now in the clerk's office. Because of the absence of these papers, much uncertainty exists as to some of the material details of the sale; hence this suit. Whether the price brought was sufficient to discharge the judgment in full or to effect a credit only thereon are matters open to conjecture. The Bank's records, so far as could be ascertained, disclose no record of any payment on the judgment, nor advance of costs in the suit beyond the initial deposit of $10.

What became of the seized property is not known. The Sheriff's office records reveal that the total costs of this suit, including a commission of $6 charged on the price of adjudication, were $31. These were all paid by someone. The Sheriff paid the clerk's office a balance on costs account due it. The clerk's records show that a mortgage certificate was charged for on the day the property was advertised for sale. The Sheriff's records do not disclose the name of the purchaser nor to whom the net proceeds of the price of sale, if any, were paid. No one seems to have any independent recollection of the facts beyond those disclosed by the meager record evidence admitted in the case.

■ If a sale was made for $300 cash, the Sheriff would be entitled to charge a commission of $6, and this would be true even though the Bank were the purchaser. If the price were $300, the net proceeds would have been sufficient to extinguish the judgment. This result would follow even though the proceeds of sale never reached the Bank's hands. Daboval v. Escurix, 8 La. 96.

■ It is well settled, in fact goes without saying, that the extinguishment of a judgment by payment may be established by presumptive or circumstantial evidence as well as by positive proof. Abat v. Buisson,

Curator, 9 La. 417; Bethany v. His Creditors, 7 Rob. 61.

■ And where, as in the present case, a strong prima facie case of extinguishment has been made out by presumptive or circumstantial evidence of the character herein discussed, the duty then devolves upon the judgment creditor to adduce proof sufficient in probative value to overcome such prima facie case. And if the judgment creditor fails to adduce such proof, presumptively in its or his possession, such failure will be weighed heavily against the creditor and the inference will arise therefrom that evidence bearing upon the question of payment of which they are presumed to have knowledge or possession, if introduced, would be unfavorable to the contention of non-payment.

■ The learned trial judge anent this question in his reasons for judgment following the second trial correctly states the ultimate facts and applies the correct rule of law thereto. He says:

"We held originally that the burden of showing payment rested on the junior judgment creditor. We think as a general proposition of law it is correct to say that the burden of showing payment of a judgment rests upon the party alleging it; but we are not so sure that under the peculiar circumstances shown above that such a rule holds good. The relator herein holds under the Vivian State Bank. That Bank initiated the fi. fa. under which the sale was had, no one knows what became of the property; the Bank was either paid in full or paid in part; everything was under the control of the Bank. The Bank, legally, was bound to know what happened, how much was paid it, and what became of the property it caused to be sold, and equitably it, or its assigns, should suffer the consequences for not showing the true facts."

"The burden of proof lies with the party who is the most cognizant of the facts necessary to decide an issue." Underwood Typewriter Company v. Vatter, 14 Orleans App. 410; Felix v. Bruce, 14 Orleans App. 64; Orlesch et al. v. Fairchild Auto Company, 13 Orleans App. 303.

"Where one of the parties to a suit has more means of knowledge concerning a matter to be proved than the other, the onus is on him." Bowman v. McElroy & Bradford, 15 La.Ann. 663. See, also, Rugely v. Gill, 15 La.Ann. 509; Lovell v.

Payne, 30 La.Ann. 511; Spyker v. International Paper Company, 173 La. 580, 138 So. 109.

In Peterson v. Wilbanks, 163 Ga. 742, 137 S.E. 69, it was held that where, in a proceeding to foreclose a mortgage, a claim is interposed by one asserting to be a purchaser for value, coupled with the contention that the mortgage had been paid, the burden of proof rested on the plaintiff to show non-payment.

■ 48 Corpus Juris 683, touching the question discussed and the legal principle applicable, says:

"Where the debtor has introduced some evidence of payment, the burden of going forward with the evidence, as distinct from the general burden of proof, shifts to the creditor who is then under the duty of producing some evidence to show nonpayment.

"Where a transaction on its face, constitutes a payment, the burden of proving the contrary is on the creditor.

"As against a person other than the debtor, the burden of proving nonpayment of a debt is on the creditor."

This rule finds approval in Wigmore on Evidence, 2d Ed., § 2486.

We think the lower court correctly adjudged the case and its judgment is affirmed with costs.