**19 So.2d 127**
**WOMACK v. BURKA,**
No. 37326.
June 26, 1944.

Yarrut & Fishman, of New Orleans, for appellant-applicant.

Gerald Netter, of New Orleans, for appellee-respondent.

O'NIELL, Chief Justice.

The amount of money in contest here is only $70, but the question of law on which the contest depends is of great importance.

The question is whether a member of one of the learned professions, who has testified as a witness for another member of the profession merely to prove the value of certain professional services rendered by him, for which he sued a third party to whom he had rendered the services, is entitled to receive, in addition to the ordinary witness fee, a fee as an expert witness, based upon his professional knowledge or skill, to be fixed by the judge and taxed as costs against the party who loses the suit.

Dr. David R. Womack sued Morris E. Burka for $435 for surgical and medical services rendered. The principal item sued for was a charge of $400 for what is termed a petrous operation, which, as we understand, is something more serious than the ordinary mastoid operation. Dr. Womack is a licensed and practicing surgeon, specializing in ear, nose and throat ailments, and particularly in that branch of the science called otology, which treats of the ear and its diseases. Burka pleaded in answer to the suit that the charge of $400 for the petrous operation was excessive; and the issue tendered by that plea was the only issue in the case. On the trial two members of Dr. Womack's profession testified, as witnesses called by him, that the charge of $400 for the petrous operation was a reasonable charge. The attorney for Dr. Womack announced at the time when the witnesses testified that they were testifying as expert witnesses and that he intended that they should receive, as expert witnesses, "additional compensation, to be fixed by the court" and to be taxed as costs, under the provisions of Act 19 of 1884, Dart's General Statutes, Sec. 1990. The attorney for Burka protested that the witnesses were not giving expert testimony and were not entitled to have any additional compensation taxed as costs of court. At the conclusion of the trial the judge gave Dr. Womack a judgment for all that he sued for, and for the costs of court. The attorney for Dr. Womack then obtained a rule on Burka to show cause why the two doctors who had testified should not be allowed $50 each for expert testimony and why Burka should not be condemned to pay the amount as costs of court. After a hearing the judge allowed each of the two doctors $35 for expert testimony and condemned Burka to pay the amount as costs of court. Burka appealed to the court of appeal from the judgment allowing Dr. Womack the full amount of his claim and from the judgment rendered on the rule allowing the two doctors $35 each for expert testimony. The court of appeal affirmed the judgment in favor of Dr. Womack for the amount of his claim, and affirmed also the judgment declaring that the two other doctors were entitled to receive the "additional compensation" for their expert testimony, under the provisions of Act 19 of 1884. Burka applied to this court for a writ of certiorari to review the judgment declaring that the two doctors were entitled to "additional compensation" for expert testimony, under Act 19 of 1884. The defendant acquiesced in the judgment of the court of appeal on the principal demand, allowing Dr. Womack the amount of his claim.

Act 19 of 1884 provides: "Witnesses called to testify in court only to an opinion

founded on a special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required."

An analysis of the statute shows that there are only two instances in which a witness is entitled to additional compensation for giving expert testimony. One instance is where the witness is called to testify only to an opinion founded upon a special study or experience in any science or profession. The other instance is where the witness is called to make a scientific or professional examination and to state the results thereof.

Inasmuch as the two doctors who testified in this case were not called upon to make a scientific or professional examination, their fees as witnesses are not governed by Act 19 of 1884 unless they were called to testify only to an opinion founded upon their study or experience in their profession or science. The only opinion which the witnesses were called upon to give was their opinion as to whether Dr. Womack's charge of $400 for the petrous operation was reasonable or excessive. While the special study and experience which the two doctors had in their profession or science might have made their testimony as to the reasonableness of Dr. Womack's charge for the petrous operation more important than the testimony of a lay witness having the necessary information to venture an opinion, nevertheless

an opinion founded upon the special study of or experience in the science of otology was not the only kind of evidence by which the reasonableness or unreasonableness of Dr. Womack's charge for the petrous operation could be proven.

Our opinion is that Act 19 of 1884 was not intended to allow "additional compensation", to be taxed as costs of court, for such expert testimony as a professional man might give in testifying to the reasonableness of a fee or charge which another member of his profession is suing to collect. The principal reason for this is that expert testimony is not the only evidence by which the reasonableness of a fee or charge made for professional services may be proven. This interpretation of the statute appears to be the one which the members of the bench and bar have given to the statute during the sixty years of its existence. We say this because no case has been cited by the court of appeal, nor by the attorneys on either side of this case, where a member of any of the learned professions has claimed "additional compensation" for his services as an expert witness, under authority of Act 19 of 1884, for testifying to the reasonableness of a fee charged for professional services rendered by another member of the same profession. Lawyers are called upon sometimes to vouch for the reasonableness of a fee charged by another lawyer for professional services rendered; but we have never heard of a lawyer claiming compensation for services rendered as an expert witness in such a case. We doubt that the Legislature would have enacted the statute of 1884 if the members who voted for the

enactment had believed that it would open the way for lawyers or doctors or other professional men to claim "additional compensation" for services rendered as expert witnesses when they testify only to the reasonableness of a charge made for professional services rendered by another member of the same profession. If the witness in such a case is entitled to additional compensation as an expert witness, and if in any case he should have to sue for his fee as an expert witness, either by the summary process of a rule to show cause, as in this case, or by the ordinary procedure, he also might summon members of his profession to prove the value of his services as an expert witness, and his so-called expert witnesses would be entitled to additional compensation to be taxed as costs against the loser of the case. And so on— ad infinitum.

■ Adverting to the proposition that expert testimony is not essential for proving the value of professional services rendered in a given case, we note that according to the testimony of the two doctors in this case there are several factors that enter into the calculation or estimate of a correct charge for a surgical operation. One of these factors, as we understand, is the professional standing or reputation of the surgeon who performs the operation. Another factor is the seriousness of the operation, and the special skill required therefor, and the dangers incident thereto. And the third important factor is the financial ability of the patient. We believe that the superintendent of a large hospital, or the financial secretary or bookkeeper of a

surgeon having an extensive practice would be as well qualified to express an opinion on the reasonableness of a surgeon's charge, in a given case, as the surgeon himself would be. One of the two doctors who testified in this case said that the financial arrangements are not made by him but are made by his secretary in advance of his performing any surgical operation.

■ The following decisions support the proposition that additional compensation is not allowed by Act 19 of 1884 for expert testimony, to be taxed as costs, unless the case is one in which expert testimony is essential: Suthon v. Laws, 132 La. 207, 61 So. 204, and Levy v. McWilliams, 13 La.App. 444, 129 So. 170, by the Court of Appeal for the Parish of Orleans. We quote from the second headnote of the report of the latter case: "Fees and expenses of expert witnesses are taxable as costs only where [the] testimony is in reality necessary as elucidating [a] technical or scientific subject (Act No. 19 of 1884)."

The judgment of the court of appeal, so far as it declares that the two doctors who testified for the plaintiff are entitled to additional compensation as expert witnesses, to be taxed as costs of court, is annulled, and the demand of the plaintiff to have such witness' fees taxed as costs is rejected. The plaintiff, Dr. Womack, is to pay the costs (including the costs of this court) incident to the rule to tax the expert witness' fees as costs of court.

PONDER, J., takes no part.