136 So.2d 836 (1962)
CALVERT FIRE INSURANCE COMPANY
v.
J. B. GROTTS, d/b/a Boutte Welding Works and Hardware Mutual Casualty Company.
No. 209.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
Rehearing Denied February 5, 1962.
Certiorari Denied March 16, 1962.
Walter J. LeBreton, New Orleans, for plaintiff-appellant.
James P. Vial, Leon C. Vial, III, Hahnville, for J. B. Grotts, defendant-appellee.
Hammett & Bertel, Donald Hammett, New Orleans, for Hardware Mutual Casualty Co., defendant-appellee.
Before McBRIDE, YARRUT and JOHNSON, JJ.
YARRUT, Judge.
Plaintiff-Appellant is the subrogated insurer of an automobile which was damaged *837 by fire. Defendant-Appellee Grotts is the owner of a welding shop to whom the owner delivered the automobile for certain welding work. His Codefendant-Appellee is his liability insurer. Plaintiff, as insurer of the owner, investigated the loss, had the automobile repaired, and obtained the necessary subrogation against Defendants. The amount of the loss was $579.83.
Plaintiff alleges that, on March 23, 1956, one Cheramie, an employee of Defendant Grotts, under instruction from Grotts was welding a trailer hitch on the rear of its insured's automobile, and while welding negligently ignited gasoline in the gas tank causing considerable damage. Defendant Grotts answered admitting he owned and operated the welding shop; that the automobile was brought to his shop for a welding job; that Cheramie was his employee; that, while Cheramie was welding, the torch he was using caused the fire which damaged the automobile; but denied any negligence on the part of Cheramie. Defendant-insurer alleged and proved its policy contract did not cover the loss.
The district judge rejected depositions taken of the car owners (husband and wife), who had since moved to Mississippi. While we think the court was in error in rejecting the depositions, we can pretermit this issue because, on the trial of the case, Defendant Grotts was called for crossexamination, and acknowledged that he made and signed a written statement on April 10, 1956, at Paradis, La., and gave it to the Plaintiff's adjuster, reading as follows:
"I. J. B. Grotts, of Box 6, Paradis, La., am the owner of the Boutte Welding Works, Paradis, La. On 3-23-56 about 10:00 A.M. one of my workers, Edward Charamie, no longer employed by me, was welding a trailer hitch on the rear of Mrs. Bobbie Freeman Smith's car as instructed by Mr. Smith and myself. The 1953 Oldsmobile, bearing motor number R-499189 and serial number 538M77603 was hanging from a large `A-frame' rack just in front of my shop, with the rear end up in the air to facilitate the work. Cheramie was using an electric welding arc, and accidentally touched the gas tank, burning a hole in it and igniting the gasoline immediately. Most of the gasoline ran down on the ground and burned there. We could not extinguish the fire with our fire extinguisher. We kept water hosing on the fire and called the Fire Dept. from Paradis, La., who arrived quickly and extinguished the fire. The Fire Dept. made a thorough investigation of this accident for their records. This statement is true and correct to the best of my knowledge."
The district judge at first admitted the document in evidence, but later rejected it, on the ground it was hearsay. We cannot understand how a written statement, admittedly made and signed by a defendant, in which he acknowledged receipt of the automobile for repair; that the workman causing a fire was his employee, explaining how the accident happened; and, in effect, admitting all essential allegations except his own negligence, can be classified as hearsay. A voluntary statement against interest made by a party to a suit in the absence and proof of fraud or error, is admissible for the purpose of impeaching his testimony, or to affirmatively establish a prima facie case against him. Hebert v. General Accident Fire & Life Assur. Corp., La.App., 48 So.2d 107; Galt v. Travelers' Ins. Co., La.App, 141 So. 105; Passera v. United States Guarantee Co, La.App., 187 So. 345.
Defendant Grotts was a depositary under LSA-C.C. Art. 2937, which obligates him to use the same diligence in preserving the deposit that he used in preserving his own property. It is not necessary that the depositary show what caused the damage but only his freedom from negligence. Grotts established the cause of the fire, to-wit, while his employee was using a welding torch near the gasoline tank. This admission is prima facie proof under *838 the res ipsa loquitur doctrine, since Grotts' agent was using a dangerous instrumentality (a burning torch) close to a tank full of gasoline. Leigh v. Johnson-Evans Motors, La.App., 75 So.2d 710; Pacific Fire Ins. Co. v. Eunice Motor Car Co, La.App., 47 So.2d 403.
Cheramie, the employee, was not produced as a witness. Grotts explained that Cheramie has since left his employ, and by his counsel in his brief, that he had since passed away. Defendant Grotts could have preserved the testimony of Cheramie, as provided by law, if he had intended to recant his written admissions.
On the question of quantum, the only testimony is that of the adjuster of Plaintiff. He investigated the damage, determined what repairs were necessary, had the work done and made payment. The district judge rejected the adjuster's testimony on the ground he had not qualified as an expert witness.
The adjuster testified that he has been adjusting these matters for many years. He did not testify to the correctness of the repairs, but only as to the cost. The value of services depends upon local practice and custom and the knowledge of the witness as to such practice and custom. One need not be an expert to testify as to what is a fair price for a particular service in a given community. The question addresses itself to the effect to be given such testimony, not to its admissibility. Womack v. Burka, 206 La. 251, 19 So.2d 127.
In view of the above, we are constrained to hold that Defendant Grotts, after admitting the automobile was delivered to him for repairs and admitting that the fire was caused by his workman, and failing to absolve himself of negligence under the rule of res ipsa loquitur, must be held responsible for the causation and damage. On the question of quantum, as stated above, the only evidence is that of the experienced adjuster.
Defendant, Hardware Mutual Casualty Company, as the insurer of Defendant Grotts, is without liability because its contract of insurance did not protect Grotts against damage to property while in his possession.
For the reasons assigned, the judgment of the district court is reversed, and there is now judgment in favor of Plaintiff, Calvert Fire Insurance Company, and against Defendant, J. B. Grotts, alone, for the full sum of $579.83, together with legal interest from judicial demand until paid, and all costs in both courts.
Judgment reversed and rendered.