191 So.2d 144

**PITTMAN AND MATHENY**

v.

**T. H. DAVIDGE, Jr., and David D. Davidge.**

No. 48429.

Nov. 7, 1966.

In re: T. H. Davidge, Jr., and David D. Davidge applying for certiorari, or writ of review, to the Court of Appeal, First Circuit, Parish of Tangipahoa. 189 So.2d 706.

Writ refused. We find no merit in any of the errors complained of.

McCALEB, J., concurs in the refusal of these applications solely on the ground that neither of the relators, plaintiffs or defendants, are complaining of two glaring errors in the Court of Appeal opinion. Plaintiffs are not complaining that the Court of Appeal was without authority to change the allowance of interest on the trial court's judgment from date of judicial demand to the date of final judgment inasmuch as defendants in their answer to the appeal, did not request that the judgment against them for interest be reduced in this respect. Defendants likewise have never complained, either in the Court of Appeal or here, that the trial judge and the Court of Appeal were without right or authority to award two practicing attorneys, who testified as to the value of the professional services rendered by plaintiffs to defendants, expert witness fees to be taxed as costs against defendants. The taxing of these witness fees as costs was contrary to law and the settled jurisprudence of this State. See Suthon v. Laws, 132 La. 207, 61 So. 204; Levy v. McWilliams, 13 La.App. 444, 129 So. 170 and Womack v. Burka, 206 La. 251, 19 So.2d 127.

FOURNET, C. J., is of the opinion the writ should be granted.

SUMMER, J., is of the opinion the writ should be granted. The law does not sanc-

tion the payment of expert fees to attorneys testifying as to the correctness of fees charged by other attorneys. See Suthon v. Laws, 132 La. 207, 61 So. 204; Levy v. McWilliams, 13 La.App. 444, 129 So. 170 and Womack v. Burka, 206 La. 251, 19 So.2d 127.