LANDRY, Judge.
Appellant, Elbert L. Johnson, seeks a reversal of the judgment of the trial court in favor of plaintiff, Circle R. Leasing, Inc. (Circle R.), in the sum of $865.70, plus 20% attorney’s fees, pursuant to a written contract for the lease of an automobile.
The sole complaint of appellant is that the trial court erred in overruling and dismissing his exception of no right of action or want of interest. We affirm the judgment rendered below.
It is conceded that appellant signed the agreement. In the trial court appellant also defended on the merits contending that plaintiff agreed to substitution of another party in appellant’s stead, and alternatively, alleging termination of appellant’s liability by dation. Since neither defense is urged before this court, they are presumed to have been abandoned.
In substance, appellant maintains that Circle R is not the real party in interest. Appellant argues that Circle R was sold to an affiliate Corporation, Richards Ford, Inc. (Richards), prior to institution of this suit and that the sale to Richards included the lease sued upon by plaintiff. Appellant also alleges that Richards is actually the party bringing the suit and that Richards lacks authority to bring an action in the name of Circle R. In support of his contention, appellant alleges in his brief that during the proceedings had in the trial court, appellant procured a subpoena duces tecum directing Circle R to produce its records of appellant’s account. Appellant lastly contends that in responding to said subpoena, plaintiff declared it had no knowledge of an account owed it by appellant and disclaimed all knowledge of the instant suit being instituted on its behalf.
Plaintiff produced Mr. Coman S. Norton who testified he was formerly a stockholder of Circle R and held the position of Secretary of that corporation. He explained that in addition to himself, the former stockholders of Circle R were J. W. Richards, Stanley Richards, Joseph Bonari and Bernice Richards, which parties were also the principal stockholders in Richards. He further stated that sometime during 1967, the stockholders of Circle R sold all their stock to other parties but that Richards neither bought nor sold Circle R at any time, and that Circle R still existed as an independent corporation. Norton’s testimony was contradictory as to whether or not the original stockholders of Circle R retained title to certain leases, particularly appellant’s, after the transfer. He stated that some leases which were in arrears •were retained by the original stockholders of Circle R, and was unsure whether appellant’s lease was in this category. Subsequently, Norton deposed that all leases were assigned in the transfer but that the price of the stock was determined by the value of the leases which were current and in good standing at the time of the stock transfer. Norton acknowledged that he is no longer an officer in Circle R and that he is now in the employ of Richards.
The evidence contains the original lease between Circle R and defendant and also Circle R’s ledger sheet of defendant’s account. The original agreement shows no evidence of assignment or transfer by Circle R to any other party or concern, presumably therefore it is still owned by Circle R.
The reference which counsel for appellant makes in his brief to a subpoena and appellee’s alleged reply to the effect that appellee had no knowledge of appellant’s account, is not supported by the record. We have searched the entire transcript and fail to find either the subpoena or response of record. We note, however, that at the commencement of trial counsel for plaintiff-appellee acknowledged that a subpoena had been served upon plaintiff and that *627 counsel wished to make return thereon to counsel for appellant in open court. Permission to do so was granted hy the lower court, but the record is barren of any indication that either the subpoena or reply was offered in evidence. It was incumbent upon appellant to establish the facts necessary to support his exception of want of interest. We find, as did the trial court, that appellant did not discharge this onus.
The judgment of the lower court is affirmed at appellant’s cost.
Affirmed.