SAVOY, Judge.
This is an action in tort by plaintiffs, as father and mother of Donald Benjamin, age 20, who drowned on March 27, 1970. Named as defendants are G. C. Messenger, Paul Messenger, and their insurer, Southern Farm Bureau Casualty Insurance Company.
For a cause of action plaintiffs alleged that prior to the death of their son, Donald, he and Dan Webster were in a boat with an outboard motor attached to the rear; that the boat and motor were owned by the Messengers; that the boat and motor were used by Webster with the permission of the owners; and that Webster was the operator of the boat and motor. After Donald and Webster attempted to start the motor, it did start with a great burst of speed which caused the boat to rear up and turn over backwards. As a result of the boat’s rearing back, Donald was thrown from the boat and drowned. Petitioners allege that the Messengers or their agents and employees were negligent in (a) placing at the disposal of Webster a boat that was too short and too light to be used safely; (b) installing a motor that was too large and powerful for the boat; (c) placing a dangerous instrumentality at the disposal of Webster, which danger was unknown to Donald. They further alleged that Webster was negligent in (a) starting the outboard motor in such a position to feed the motor an excessive and dangerous amount of gasoline; and (b) starting the motor in such a manner that it fired with a sudden burst of speed.
Defendants filed a general denial to the petition. Further answering, they alleged the following acts of negligence by Donald: (a) in failing to have a boat cushion or life belt; (b) in moving from the center seat to the back seat which was already occupied; (c) in leaning against the level used to guide the motor and against the arm of Dan Webster so that the lever went to its extreme left position causing the boat to turn sharply to the right; (d) in interfering with Webster’s operation of the boat; and (e) in leaving a position of safety on the boat and attempting to swim to shore when Donald could not swim. Alternatively, defendants pled contributory negligence on the part of Donald as a bar to recovery by plaintiffs.
By amended petition, plaintiffs prayed for benefits under the Louisiana Workmen’s Compensation Law. This was not argued or briefed, nor do we find any evidence in the record. We, therefore, presume that this claim has been abandoned.
After a trial on the merits, the district judge rendered judgment in favor of defendants and against the plaintiffs, rejecting their demands and dismissing their suit. Plaintiffs have appealed.
The record reveals that Elisha Benjamin and his family, including Donald, lived on certain property farmed by the Messengers. Daniel Webster also worked for the Messengers. The boat in question was at the disposal of Elisha and Daniel in order that they might fish. The boat had attached to it a 9.8 horsepower motor.
On the morning of the accident, Elisha, Donald and Daniel were in the process of repairing a well used to supply water to Benjamin on the farm operated by the Messengers. Elisha left that day to visit a daughter in Arkansas. During the afternoon Donald suggested to Daniel that they run fish nets in Cane River a short distance from the Daniel Benjamin residence. In order to use the nets, the parties used the Messenger boat and motor. Daniel got in the back seat where he could operate the motor.
Daniel testified that he cranked the motor and Donald shoved the boat out and *253 got into the boat as it went away from the bank. They traveled about 200 yards when Donald stated he wanted to sit in the back with Daniel. Donald leaned against Daniel’s arm, and as he did, it pushed the lever away from him and made it go into a spin. At that time he lost control of the boat, and it turned over and Donald drowned. Daniel testified that the throttle was half open at the time of the accident.
The only other person who was at the scene of the accident shortly after its occurrence was Louis Gourdon. Gourdon worked on the Josey Ranch near where the accident occurred. He heard Donald yelling, and as he arrived at the scene of the accident, the boat was upside down. Both Daniel and Donald were banging on the boat. Daniel started toward the bank of the river. Donald was laying flat on top of the boat. The witness told Donald to stay in the position he was in, and that he would get a boat down stream to rescue him. As the witness went to get help, Donald jumped off the boat and drowned. Shortly thereafter the rescue boat arrived and took Daniel to a place of safety.
In their brief and petition, counsel for plaintiffs state that a boat is a dangerous instrumentality, and also that the motor was too large and powerful for the boat.
In Hall v. Continental Drilling Company, 245 F.2d 717 (5 Cir. 1957), it was held that a boat is not a dangerous instrumentality.
Mr. Don Reed was the only expert as to the maximum capacity of a motor that should be placed on a boat. He testified that according to the size of the boat, a 10 horse-power motor would not be too large. The motor in question was a 9.8 horsepower motor.
After an examination of the record in this sad and unfortunate case, we conclude that the decedent was negligent in moving from a place of safety in the moving boat in order to sit in the back seat with Daniel Webster, and in so doing leaning against the latter’s arm, causing him to lose control of the motor, and resulting in the boat going into a spin and capsizing; and that ultimately, the proximate cause of the accident was the negligence of the decedent in leaving a place of safety and attempting to reach land, though he knew that he could not swim.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffs’ costs.
Affirmed.