STOULIG, Judge.
Plaintiff-appellant, Orville C. Terry, individually and as administrator of the estate of his minor son, Glenn Terry, is appealing the dismissal of his suit against defendants-appellees, Paul M. Lagasse and Allstate Insurance Company, his automobile insurer.
This is a tort action for personal injuries and property damage arising out of an accident which occurred on January 3, 1970, at approximately 4:35 p. m. Plaintiff’s 10-year-old son, Glenn, drove a motorized minibike from the driveway of his home into Kuebel Drive where he collided with the moving automobile operated by Lagasse.
Various acts of negligence by the defendant motorist were alleged as the exclusive cause of the accident. In their responsive pleadings the defendants denied any negligence on the part of Mr. Lagasse and alternatively pleaded contributory negligence of the minor child.
Plaintiff has devolutively appealed from the trial court’s judgment rejecting his claim. Defendants have answered seeking damages for the filing of a frivolous appeal.
The only specification of error in appellant’s brief is that the trial court improperly excluded as hearsay evidence the testimony as to statements made by La-gasse at the scene of the accident. It is submitted that the court committed manifest error in not considering this evidence in arriving at its judgment.
Appellant presented as an eyewitness to the accident Mrs. Velma Dreux. She testified that the defendant driver stated in the presence of the bystanders at the scene of the accident: “I didn’t see the boy the sun was in my eyes.” Counsel for appellees objected to this testimony as being hearsay unless the proper predicate was laid to establish that it constituted res gestae. After affording opposing counsel the opportu *233 nity to do so, the trial judge ruled that the failure of the witness to identify the person to whom the defendant addressed his remark precluded the statement from forming a part of the res gestae and sustained the objection of hearsay.
We are of the opinion that this testimony relating to defendant’s purported statement was not hearsay and should have been admitted into evidence. Allegedly it was a voluntary statement made in the presence of Mrs. Dreux and constituted an admission against interest. As such, it is admissible into evidence without regard to the place and time of its utterance. Its legal import preponderates in favor of plaintiff’s cause rather than the defendant’s and could have become a decisive factor in the determination that Lagasse was negligent. This conclusion is in accordance with the jurisprudence expressed in the case of Pacholik v. Gray, 187 So.2d 480, 483 (La.App.3d Cir. 1966), which decreed: “However, the hearsay-exclusion rule does not prevent an adverse party from introducing testimony as to statements made out of court by a party-opponent.” [1] It also finds support in Wigmore on Evidence, Vol. IV, § 1048 (3d ed., 1940), at pages 2 and 3:
“The statements made out of court by a party-opponent are universally deemed admissible, when offered against him. * * *
i{i ‡ # * ifc *
“ * * * [T]he party’s testimonial utterances do not pass the gauntlet of the Hearsay rule when they are offered for him (unless they can satisfy some exception to that rule); but that they do pass the guantlet when they are offered against him as opponent, because he himself is in that case the only one to invoke the Hearsay rule and because he does not need to cross-examine himself.
“ * * * Hence the objection of the Hearsay rule falls away, because the very basis of the rule is lacking, viz. the need and prudence of affording an opportunity of cross-examination.”
Since Mrs. Dreux was subject to cross-examination, her testimony repeating the statement made by the appellant at the scene of the accident did not fall within the exclusionary ambit of the hearsay rule. Thus the defendant is afforded the right of confrontation with an adverse witness and in a proper exercise of cross-examination could challenge the credibility of the witness and/or elicit in all of its aspects the full context of the statement made so that the trial court could thereby judicially evaluate the probative value of such testimony. Therefore, the issue presented by this testimony is one of credibility and not admissibility.
Having concluded that the testimony of Mrs. Dreux and the statement made by the defendant Lagasse were not inadmissible as being hearsay, no need exists to engage in an academic consideration of the applicability of the evidentiary doctrine of res gestae. Suffice it to state that res ges-tae is usually involved when the statements made are self-serving declarations. The need then exists to determine if they were the spontaneous and contemporaneous utterances made substantially at the same time as the occurrences of the event, without time for deliberation and fabrication, in order to render them admissible into evidence.
The record contains the excluded testimony of Mrs. Dreux and in view of our ruling that it should have been admitted into evidence, we will give it appropriate consideration in our determination of the merits of this appeal.
Testifying as fact witnesses on behalf of the plaintiff were his minor child, Glenn, and Mrs. Dreux. The deposition of young Terry was submitted in lieu of his testimony in open court. He was unable to recall *234 any of the details of the accident except that he remembers lying in the street. He testified at length regarding the treatment he received for his injuries.
The gist of Mrs. Dreux’s testimony was that the Lagasse automobile swerved to the left side of the roadway, striking the Terry child on or near the apron of the driveway leading to his home. We find this statement in conflict with the physical facts as related by the other witnesses: that the point of contact was on the side of the left front fender. In the absence of any evidence that the car skidded sideways or that its rear section “fish-tailed,” it would have been practically impossible for it to strike the child with its side rather than the front. Any doubts that the trial court had about this aspect of the accident were soon dissipated when Mrs. Dreux candidly admitted : “I couldn’t say which struck which.” Obviously, this witness had no knowledge as to which vehicle struck the other and therefore her testimony in this respect was purely conjectural and without probative value.
All of the occupants of the defendant’s car — the driver and two passengers — testified that Glenn Terry drove his minicycle into the side of the left front fender of the Lagasse automobile. This testimony remains uncontroverted.
The fact that the defendant was able to stop his automobile within one car length of the point of impact — which fact is likewise uncontradicted — substantiates the testimony that, prior to and at the time of the accident, the car was moving at an estimated rate of 10 to IS miles per hour. It also confirms the immediate application of the brakes when the inevitability of the accident became apparent.
Mr. Lagasse denied that he ever stated he did not see the boy because of the sun in his eyes. His explanation of the statement which was purportedly made by him was to the effect the glare bothered him but did not prevent him from observing the existing conditions in the area. We note in this connection that it is not alleged that the defendant had the last clear chance to avoid the accident, nor was it urged either in the trial court or on appeal that his failure to do so was attributable to his inability to see.
The testimony in favor of the defendant was consistent and persuasive in convincing this court that the accident was caused by Glenn Terry’s negligently driving his minibike from the safety of his driveway into the left front side of the defendant’s car, which was lawfully proceeding on Kuebel Drive. By so doing, the youth was guilty of violating Section 124 of the Highway Regulatory Act (Acts 1962, No. 310, § 1, LSA-R.S. 32:124), which requires the driver of a vehicle about to enter a highway from a driveway to “yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”[2] see also Josey v. Granite State Fire Insurance Company, 122 So.2d 303 (La.App. 2d Cir.1960). There is no evidence that the defendant Lagasse in any manner contributed toward the occurrence of the accident or that he could have avoided it.
Though appellees sought damages from appellant for the filing of a frivolous appeal, obviously they have abandoned this claim, for it was not urged or argued on appeal.
The evidence clearly preponderates in favor of the conclusions of the trial court that the defendant was free of negligence, and we therefore affirm its judgment on this basis.
Affirmed.

. See also LeBlanc v. Phoenix Assurance Company of New York, 158 So.2d 256 (La.App. 4th Cir. 1963) ; Calvert Fire Insurance Company v. Grotts, 136 So.2d 836 (La.App. 4th Cir. 1962).

. Under definitions of “Highway” and “Street” (LSA-R.S. 32:1 (17) and (64)), as construed in Frey v. Central Mutual Insurance Company, 150 So.2d 822 (La.App. 3d Cir. 1963) Kuebel Drive falls within the provisions of the Highway Regulatory Act.