286 So.2d 671 (1973)
Audrey Rahn GRIFFITH
v.
Warren A. GRIFFITH.
No. 6048.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rehearing Denied January 8, 1974.
Writ Refused March 1, 1974.
F. Irvin Dymond, Anita H. Ganucheau, New Orleans, for plaintiff-appellee.
*672 Reed, Reed & Reed, Floyd J. Reed, and Bruce G. Reed, New Orleans, for defendant-appellant.
Before SAMUEL, BOUTALL and FLEMING, JJ.
SAMUEL, Judge.
The litigants herein, Audrey Rahn Griffith and Warren A. Griffith, were divorced from each other on July 3, 1959. The divorce judgment granted custody of the three children born of the marriage to the mother and condemned the father to pay alimony for their support at the rate of $12 per week for each child. On February 28, 1973, when the two elder children were more than 21 years of age, Mrs. Griffith filed a motion and rule seeking a judgment making all past due child support payments executory and increasing the amount to be paid for the support of the youngest child, Craig Alan Griffith, who then was 17 years of age. She alleged her former husband had not made child support payments for approximately six years.
The defendant alternatively filed a dilatory and two peremptory exceptions to the motion and rule. Those exceptions were: vagueness; no cause of action based on the allegation that more than five years had elapsed without action taken; and the three years prescription set forth in LSA-C.C. Art. 3538, which provides that arrearages of alimony are prescribed by three years.
Following trials of the exceptions and the merits, two judgments were rendered on March 26, 1973. The first denied the exceptions of vagueness and no cause of action and maintained the exception of three years prescription, limiting the demand for past due child support payments to three years or a total of $1,872. The second awarded Mrs. Griffith $1,872 for past due child child support and increased the amount of alimony for the support of the one child Craig, to the sum of $200 per month. The defendant suspensively appealed from that part of the judgment which awarded Mrs. Griffith $1,872 and devolutively appealed from that part of the judgment which granted an increase in child support.
Thereafter, prior to the time the record was completed and lodged in this court, defendant filed a motion to terminate child support payments to Craig based on the allegation that on June 17 (the record reveals June 12 is the correct date), 1973, Craig had become 18 years of age and thus had attained his majority under LSA-C.C. Art. 37, as amended and reenacted by Act 98 of 1972. Following trial thereon, the motion was denied. The defendant also has appealed from that judgment.
In this court Mrs. Griffith has filed a motion to dismiss that part of the appeals which relates to the increase in child support payments, alleging the judgment granting the increase was rendered upon consent of the parties.

ON THE MOTION TO DISMISS
The record does not support the allegation that the increase in alimony was based upon the consent of the parties to the litigation. On this fact alone the motion must be denied. However, we note that the question is purely academic. As will be pointed out in our discussion of the merits, in this court appellant makes no contention regarding the increase per se; he does not ask that we disallow the increase itself; his contention is that the total alimony award must be either disallowed or terminated in its entirety. Our firmly established rule is that on appeal matters which are not urged in argument or in brief are considered abandoned.[1] Thus, *673 the increase alone is not an issue on this appeal.

ON THE MERITS
In this court appellant makes only two contentions: (1) the trial court erred in failing to declare "the entire law suit abandoned" under the provisions of LSA-C.C.P. Art. 561 because no action of any kind had been taken therein for more than five years; and, alternatively, (2) the trial court erred in failing to order child support payments for Craig terminated because of his having reached the age of 18 years. We disagree with the first contention and agree with the second. As has been mentioned, the award of an increase in child support is not an issue in this court.
Regarding the first contention, Code of Civil Procedure Article 561 provides:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the the rules of the appellate court, not to be less than one year." LSA-C.C.P. Art. 561.
The simple answer to the contention is that the quoted article does not apply to a final judgment. The article has reference, in the trial court, to the prosecution or defense of an "action", which is a judicial remedy for the enforcement or protection of a right, or the redress of a wrong; or, to use a somewhat different expression, "action" is the formal demand made in a court of one's right from another person or party.[2] The "action" referred to is the proceeding seeking a final judgment and once such a judgment has been obtained there is no need, and no opportunity, for further prosecution or defense in the trial court. Similarly, the second paragraph of the article, which is concerned with abandonment in the appellate court, has reference not to the judgment, but only to the appeal.
Regarding the second contention, the age of majority has been lowered from 21 years to 18 years by Act 98 of 1972 which amended and reenacted LSA-C.C. Art. 37. That article now reads:
"Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. A person who is eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older." LSA-C.C. Art. 37.
As directly held in the case of Bernhardt v. Bernhardt,[3] which was handed down by the Supreme Court of Louisiana subsequent to the dates of the judgments herein appealed from, the mother, in this case Mrs. Griffith, has no standing to claim support for a child who is a major as a result of having attained the age of 18 years. Craig may bring an action for support in his own right if he claims he is entitled to support from his father under LSA-C.C. Art. 229.[4]
For the reasons assigned, the judgments appealed from are reversed only insofar as they fail to terminate child support payments for Craig Alan Griffith and it is now ordered that such payments be terminated *674 as of June 12, 1973, the date on which he reached the age of 18 years. In all other respects the judgments appealed from are affirmed. Each litigant is to bear his or her own costs of this appeal.
Motion dismissed; merits reversed in part and affirmed in part.
NOTES
[1] Terry v. Lagasse, La.App., 266 So.2d 231; Benjamin v. Southern Farm Bureau Casualty Ins. Co., La.App., 264 So.2d 251; Circle R. Leasing, Inc. v. Johnson, La.App., 242 So.2d 625; Keller v. Keller, La.App., 220 So.2d 745; LeDay v. New York Fire & Marine Underwriters, Inc., La.App., 203 So.2d 562; Steele v. Ruiz, La.App., 202 So. 2d 376; see 2B La.Dig. Appeal & Error, 1078(1).
[2] Black's Law Dictionary 4th Ed.Ref. 49.
[3] La., 283 So.2d 226.
[4] In this connection, see Dubroc v. Dubroc, No. 5808 of our docket, handed down November 2, 1973, 284 So.2d 869; Fellows v. Fellows, La.App., 267 So.2d 572.