1KATZ, J.,
Would Grant Rehearing for the Assigned Reasons [1].
I would grant a rehearing as I find that the opinion rendered by this court on original hearing fails to cite the applicable legal principles relating to: (1) proof of obligations; (2) burden of proof; (3) the legal effect in a civil proceeding of a civil defendant who refuses to testify and asserts his 5th Amendment privilege against self-incrimination; and (4) the standard of review to be applied by the appellate court in reviewing the correctness of the trial court’s judgment.
*1289 The original opinion stated, inter alia: “The plaintiffs contention is that the trial court improperly relied upon criminal case law for the proposition that there can be no judgment for the plaintiff absent proof of the corpus delicti, which may not be established solely on the basis of extra judicial declarations or admissions, without more. We find no merit in this argument. ..
“In view of the lack of definitive evidence, the trial judge merely stated the obvious: there can be no recovery absent proof of what was lost, or when. We therefore cannot say that the trial court committed manifest error in determining that the plaintiff failed to meet its burden of proof concerning Mascair.”
12The trial court in its Reasons for Judgment stated: “In short, a person cannot be found to have committed a crime, or in this case a tort, without proof beyond his own statement.”
Both the trial court’s Reasons for Judgment and this Court’s opinion overlook the codal articles on “obligations”, “proof of obligations” and the time-honored jurisprudence applying and interpreting these codal articles:
Art. 1757 of the Civil Code provides that “obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of the declaration of will, in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.”
Civil Code Art. 1831 provides in part: “ A party who demands performance of an obligation must prove the existence of the obligation.”
“ A party who demands performance of an obligation must prove the existence of the obligation by a preponderance of the evidence. C.C. art. 1831; Bordlee v. Pat’s Construction Co., 316 So.2d 16 (La.App. 4 Cir., 1975).” Artificial Lift, Inc., v. Production Specialties, Inc., 626 So.2d 859, 862 (La.App. 3 Cir., 1993). The phrase “by a preponderance of the evidence” “... simply means that viewing the evidence as a whole the existence of a fact is more probable than its non-existence. Lombard v. Sewerage & Water Bd., 284 So.2d 905 (La., 1973).” Bordlee v. Pat’s Constr., supra, at p. 17.
However, there is an exception to the general rule that a party who demands the performance of an obligation must prove the existence of the obligation by a preponderance of the evidence. This exception applies when a party’s “opponent is the most cognizant of facts necessary to decide the issue, Peters v. Great Atlantic & P. Tea Co., 72 So.2d 562 (La.App. 2 Cir., 1954).... (or) when the matter is peculiarly within the knowledge of the adverse party...” Artificial Lift, Inc. v. Production Specialties, Inc., 626 So.2d 859 (La. App. 3 Cir., 1993) at 862-863; “| sWhere the proof of a fact can be more easily established by one of the parties to the suit, the burden is upon him.” Orlesch v. Fairchild Auto Co., 13 Orleans App. 303 (1916); The burden of proof is on the party having more means of knowledge than the other, Rousseau v. Texas & P. Ry. Co., 4 La.App. 691 (1921); “When all the facts of a transaction are more peculiarly within the knowledge of one side and the evidence is more within its power, the burden of proof will rest upon it.” O’Neil v. Morris, 13 Orleans App. 68 (1915); “The party who is most cognizant of the facts has the burden of proof.” State ex rel. Leary v. Hughes, 185 So. 69 (La.App. 2 Cir., 1938).
Simply put, these codal articles and jurisprudence take what would normally be the burden of the plaintiff and place it squarely on the defendant, Mascair, since the facts and circumstances surrounding his confession of taking approximately “$100,000.00 plus” are peculiarly within his knowledge. Accordingly, it becomes Mas-eair’s burden to prove that he did not take this sum of money once the oral confession or statement against interest is entered into evidence.
*1290 Neither the trial court nor the opinion of this court mentions this exception to the burden of proof being placed on the plaintiff. Rather, both courts simply conclude that the “statement against interest” by Mascair is not sufficient for the plaintiff to carry its burden of proof.
Moreover, neither court makes reference to Art. 801 D(2) of the Code of Evidence and the Official Comments thereto which refer to a statement made by a party and is offered in evidence against the party making it.
Clearly, the testimony that Mascair made a statement to the CPA and the owners of the hotel that he took monies belonging to the hotel is a personal admission under Art. 801 D(2) and is not classified as a hearsay statement. The Official Comments to Art. 801 D(2) state: “(b) ... such statements are better | ¿classed as non-hearsay because the rationale for their admissibility is not the trustworthiness or necessity underlying the hearsay exceptions, but rather the simple practical corollary of the adversary system that a party should not be permitted to object that he had no opportunity to cross-examine himself or that he is unworthy of credence save when speaking under sanction of an oath.... (c) The admissions ... are personal in that they are made by the parties themselves. They may be expressed, either orally...or in writing...or may be tacit. ..
The Fourth Circuit in Calvert Fire Ins. Co., v. Grotts, 136 So.2d 836 (La.App. 4 Cir., 1962) at 837 stated: “.. .A voluntary statement against interest made by a party to a suit in the absence and proof of fraud or error, is admissible for the purpose of impeaching his testimony, or to affirmatively establish a prima facie case against him.” Hebert v. Gen. Acc. Fire & Life Assurance Corp., La.App., 48 So.2d 107 (1950); Galt v. Travelers, 141 So. 105 (La.App.1932); Passera v. United States Guarantee Co., La.App., 187 So. 345 (1939).
Thus, Mascair’s statement that he took monies belonging to the hotel is clearly sufficient for a prima facie case against him.
And asserting the privilege against self-incrimination under the 5th Amendment does not insulate Mascair from this burden of proof in a civil proceeding:
In Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) the U.S. Supreme Court commented on the issue of silence by a witness (party) in a civil proceeding:
“.. .the 5th Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the amendment “does not preclude the inference where the privilege is claimed by a party to a civil cause.” 8 J. Wigmore, Evidence 439.”
| ^Moreover, this U.S. Supreme Court decision has been cited by various Louisiana cases for this very proposition: in Miles v. Louisiana Landscape Specialty, 697 So.2d 348 (La.App. 5 Cir., 1997) the appellate court held that the trial court appropriately applied this adverse inference upon defendant’s failure to appear for a civil deposition, based on 5th Amendment grounds, shortly before his criminal trial even though he had agreed to be deposed after his criminal trial[2]; in Boyd v. Boyd, 647 So.2d 414 (La.App. 2 Cir., 1994) the appellate court held that a “negative inference may be drawn against a party to a civil case who asserts the 5th amendment privilege against self-incrimination.”[3]; in Econ *1291 omy Auto Salvage, Inc. v. Allstate Ins. Co., 499 So.2d 963, 977 (La.App. 3 Cir., 1986) the appellate court held that in a civil case a negative inference may be drawn against a party to the action who asserts his 5th Amendment privileges.
Finally, this court incorrectly applied the “manifest error” standard in reviewing the trial court’s judgment:
The 4th Circuit in Quick v. Murphy Oil Co., 643 So.2d 1291 (La.App. 4 Cir., 1994) writ denied, stated: “Appellate Court has duty to affirm trial court’s decision absent error of law or fact.”
Unlike questions of fact, questions of law are not reviewed under the “manifest error” standard; instead, questions of law are resolved by determining whether the trial judge was legally correct or legally incorrect. Palmer v. Blue Water Marine Catering, 663 So.2d 780 (La.App. 5 Cir., 1995). Appellate review of questions of law is simply review of whether trial court was legally correct or incorrect. Hidalgo v. Wilson Cert., Inc., 676 So.2d 114 (La. App. 1 Cir., 1996). Appellate review of question of law is simply whether the court’s interpretive decision is legally 1 ficorrect. Phoenix Assur. Co., v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir., 1992). See also McCory v. Terminex Service, 609 So.2d 883 (La.App. 4 Cir., 1992). The “manifest error” doctrine relates only to factual findings of trier of fact and has no application to conclusions of law or public policy. Hayden v. Netv Orleans Baton Rouge SS Pilots Comm., 680 So.2d 1385 (La.App. 1 Cir., 1998) reversed on other grounds.
Also, whether or not there has been a sufficiency of the evidence is a question of law. Chelette v. Security Indust. Ins., 647 So.2d 469 (La.App. 3 Cir., 1994).
Also, when a trier of fact’s determination is derived by overlooking applicable legal principle, the appellate court is not bound to accept that determination. Francis v. Brown, 671 So.2d 1041 (La.App. 3 Cir., 1996).
Thus, the original opinion by this court erroneously applied the “manifest error” standard when it should have applied the standard — was the trial court’s judgment legally correct or legally incorrect.
It is this Judge’s opinion that the trial court’s judgment and the opinion of this Court are legally incorrect for all the foregoing reasons.
Accordingly, I would grant a rehearing in a “New York second!”

. Judge Katz was not on the Court of Appeal at the time the original judgment was rendered on April 21, 1999.

. The appellant contends that no adverse inference should be made when a person facing criminal charges exercises his 5th Amendment right against self-incrimination. The Fifth Circuit rejected this argument.

. Boyd repeatedly invoked his right against self-incrimination under tire 5th Amendment when questioned as to conduct which would have constituted violations of the terms of his parole, i.e., his current drug and alcohol usage, his patronage of bars, his association *1291 with other convicted felons, and his ownership of firearms since his release on parole.